UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| LORENZO CARDENAS PEREZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-cv-103 |
| | § | |
| KRISTI NOEM[1] *et al.* | § | |

## ORDER

Before the Court is Petitioner Lorenzo Cardenas Perez's Petition for Writ of Habeas Corpus (Dkt. No. 1). For the reasons below, Petitioner's Writ of Habeas Corpus is **DISMISSED** (Dkt. No. 1), and Respondents' Motion to Dismiss (Dkt. No. 7) is **GRANTED**.

## I.   BACKGROUND

Petitioner is an undocumented alien who entered the United States nearly thirty years ago (Dkt. Nos. 1 at 5, ¶ 19; 1-2 at 1, ¶ 1). On August 2, 2025, ICE arrested him as he was working at a construction site (Dkt. Nos. 1 at 5, ¶ 20; 1-2 at 1, ¶ 3). Petitioner was charged with removal as "an alien present in the United States without being admitted or paroled" (Dkt. No. 1-3 at 1). Following his arrest, an Immigration Judge ("IJ") granted Petitioner bond, but DHS immediately appealed that decision and administratively stayed the IJ's bond grant (Dkt. Nos. 1 at 5, ¶¶ 23–24; 1-1; 1-4 at 1).

While that appeal was pending, Petitioner filed a habeas action in the Brownsville Division, challenging the automatic stay and Respondents' statutory authority to detain him. *See Cardenas Perez v. Noem*, No. 1:25-cv-181 (S.D. Tex. filed Aug. 19, 2025). The IJ,

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. Markwayne Mullin is automatically substituted for Respondent Kristi Noem and David Venturella is substituted for Respondent Todd Lyons under this same rule. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

1

who had previously granted Petitioner bond, reversed course on September 9, 2025, and found *In re Yajure Hurtado*, 29 I&N Dec. 216 (B.I.A. 2025) stripped him of jurisdiction to hear bond requests or grant bond (Dkt. Nos. 1 at 6, ¶¶ 27–28; 1-7 at 1). At that point, Petitioner's immigration proceedings remained in limbo.

On November 20, 2025, United States District Judge Rolando Olvera ordered Respondents to provide Petitioner with a bond hearing (Dkt. Nos. 1 at 6–7, ¶¶ 32, 34; 1-5 at 11–12). Six days later, an IJ denied Petitioner bond, asserting that he "has not met his burden to show he would not be a flight risk if released from custody. The [Immigration] Court has expressed concerns about [Petitioner's] fixed address, employment history, entry without admission in the United States, and insufficient evidence of likelihood of success on relief from removal" (Dkt. No. 1-6 at 1).

Now detained at Laredo's Rio Grande Processing Center, Petitioner contests the validity of his November 26, 2025 bond hearing (*see generally* Dkt. No. 1). Petitioner seeks immediate release from custody or a "constitutionally adequate" bond hearing (Dkt. No. 1 at 16). He alleges the IJ unsuitably placed the burden on him to prove he was not a flight risk (Dkt. No. 1 at 1, ¶ 2; 2, ¶ 4). Respondents moved to dismiss the petition,[2] and Petitioner filed a reply, both timely (Dkt. Nos. 7, 8).

## II.    LEGAL STANDARD

### A.  28 U.S.C. § 2241

Pursuant to 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a petitioner in federal custody in violation of the Constitution or federal law.

---

[2] Respondents filed two responses on the day their response was due (Dkt. Nos. 5, 7). In their motion to withdraw, Respondents explain this matter was incorrectly assigned to two Special Assistant United States Attorneys, and one of them is no longer with the office. As such, Respondents request to withdraw the SAUSA's motion to appear *pro hac vice* and separate motion to dismiss (Dkt. Nos. 4, 5). Petitioner does not oppose the motion. (Dkt. No. 9 at 3). The Court **GRANTS** Respondents' motion to withdraw (Dkt. No. 9).

Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001) (citations omitted), *superseded by statute on other grounds*, Real ID Act of 2005, H.R. 418, *as recognized in Nasrallah v. Barr*, 590 U.S. 573 (2020). Accordingly, challenges to immigration-related detention are within a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

A court entertaining a habeas petition shall immediately "award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. A court need not hold a hearing if the habeas petition "raises only questions of law, or questions regarding the legal implications of undisputed facts." *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989).

### B. Federal Rule of Civil Procedure 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move for dismissal of a suit, arguing the court lacks subject matter jurisdiction. "The party asserting jurisdiction 'constantly bears the burden of proof that jurisdiction does in fact exist.'" *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). When considering its subject matter jurisdiction, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161 (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

## III.    DISCUSSION

Relying on the Due Process Clause, Petitioner asserts Respondents improperly detained him without an individualized custody analysis.  To the extent he challenges the IJ's determination, his claim must be dismissed without prejudice.[3]

### A.  Bond Denial and Due Process Clause

The Court lacks subject matter jurisdiction to review the IJ's order denying Petitioner bond. The Supreme Court's "longstanding view" is that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Demore*, 538 U.S. at 526 (2003). Congress made clear:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or *denial of bond* or parole.

8 U.S.C. § 1226(e) (emphasis added). In other words, "district courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond." *Fuentes v. Lyons*, No. 5:25-CV-00153, 2025 WL 3022478, at *3 (S.D. Tex. Oct. 29, 2025) (Saldaña, J.) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)). A challenge to an IJ's bond decision is therefore expressly barred by § 1226(e). *Makarevich v. Bondi*, No. 1:25-CV-01002-KG-JHR, 2025 WL 3653895, at *1 (D.N.M. Dec. 17, 2025); *see also Perez v. Noem*, No. SA-25-CA-01534-XR, 2025 WL 3654262, at *4 (W.D. Tex. Dec. 5, 2025) (Rodriguez, J.) (citing *Diaz Ortiz v. Smith*, 384 F. Supp. 3d 140, 144 (D. Mass. 2019)) (noting district courts lack jurisdiction to consider an IJ's discretionary decision to deny an alien bond).

Here, Petitioner fails to overcome § 1226(e) since the IJ provided him with a bond hearing and determined he is a flight risk (Dkt. No. 1-6 at 1). The IJ expounds that he

---

[3] The Court declines to reach the prudential exhaustion issue, as it finds it lacks subject matter jurisdiction (*see* Dkt. No. 7 at 5–6).

weighed relevant factors, including Petitioner's "fixed address, employment history, entry without admission in the United States, and insufficient evidence of likelihood of success on relief from removal" (Dkt. No. 1-6 at 1). *See In re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006) (citations omitted). As has long been recognized, "[a]n immigration judge is in a better position to conduct the sort of individualized review that is necessary to determine if Petitioner should be released." *Angel v. Duke*, No. CV H-17-3172, 2017 WL 11698492, at \*2 (S.D. Tex. Dec. 18, 2017).

While Petitioner complains that the IJ found he bore the burden to justify release, that does not give rise to a statutory or constitutional violation (Dkt. No. 1 at 1, ¶ 2; 2, ¶ 4). *See Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (even where § 1226(e) strips jurisdiction, courts may consider constitutional issues). As a threshold matter, the Court notes that no binding authority establishes that the Government bears this burden. Indeed, "Section 1226(a) is silent as to whether the Government or the alien bears the burden of proof." *Huanga v. Decker*, 599 F. Supp. 3d 131, 138 (S.D.N.Y. 2022). True, some district courts have fashioned, as a habeas remedy, that the Government bears the burden to show dangerousness or flight risk. *Zamudio Sanchez v. Noem*, No. EP-25-CV-00403-DCG, 2026 WL 596133, at \*15 (W.D. Tex. Mar. 2, 2026) (collecting cases). **But Judge Olvera did not adopt that approach** (Dkt. Nos. 1 at 6–7, ¶¶ 32, 34; 1-5 at 11–12). Moreover, under the regulatory framework, aliens generally bear the burden to demonstrate they are not a flight risk. 8 C.F.R. § 236.1(c)(8) ("[T]he alien must demonstrate to the satisfaction of the officer that . . . the alien is likely to appear for any future proceeding."). BIA opinions mirror this language and unambiguously place the burden on the alien.[4] *In re Guerra*, 24 I. & N. Dec. at 40 ("The burden is on the alien to

---

[4] The First Circuit abrogated this holding, placing the burden on the Government to establish dangerousness or flight risk by clear and convincing evidence. *Hernandez-Lara v. Lyons*, 10 F.4th 19,

show to the satisfaction of the Immigration Judge that he or she merits release on bond.").

Finally, the Court cannot ignore the Fifth Circuit's intervening decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). *Buenrostro-Mendez* held an alien applicant for admission who has not been admitted or paroled is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). 166 F.4th at 507–08. Despite being an alien applicant for admission who had not been admitted or paroled, Petitioner received a bond hearing under § 1226(a) (Dkt. Nos. 1-3 at 1; 1-6 at 1). Therefore, Petitioner "was given more due process than he would have been entitled to under § 1225(b)," and more than the Fifth Circuit determined is warranted under the circumstances. *Muhammad I-S v. Rodriguez*, No. CV 19-20469 (KSH), 2020 WL 1933991, at *4 (D.N.J. Apr. 22, 2020); *Buenrostro-Mendez*, 166 F.4th at 507–08.

At bottom, "the Court cannot say that 'the exercise of discretion in denying bond was so arbitrary that it would offend fundamental tenets of due process.'" *Ortiz*, 384 F. Supp. 3d 144 (citation omitted). "Absent a statutory or constitutional violation, the Court lacks jurisdiction to review the underlying conduct of the IJ during the custody redetermination hearing." *Fuentes*, 2025 WL 3022478, at *4 (citing *Oyelude*, 125 F. App'x at 546).

## B. Administrative Procedure Act

Petitioner raises claims under the Administrative Procedure Act, resting on the premise that the IJ denied him an individualized custody determination and shifted the burden to him to prove he was not a flight risk. However, the Court lacks jurisdiction to consider this claim, as "[d]etention pending a decision on removal is not a final agency

---

39–41 (1st Cir. 2021). However, this Court does not sit in the First Circuit, and the Fifth Circuit has no such directive.

action." *Bhatia v. United States*, No. 5:16-CV-11-KS-MTP, 2016 WL 6127799, at *3 (S.D. Miss. Sept. 19, 2016), *report and recommendation adopted*, No. 5:16CV11-KS-MTP, 2016 WL 6126666 (S.D. Miss. Oct. 20, 2016); *see also Kewayfati v. Bondi*, 165 F.4th 342, 356 (5th Cir. 2026) (denial of asylum was not a final agency action because applicants had "not gone as far as they could in obtaining administrative adjudication"). Additionally, by bringing this habeas action, Petitioner has demonstrated that he has an adequate remedy in court, such that relief sought under the APA must fail. 5 U.S.C. § 704; *Felix Nunez v. Sage*, No. 3:26-CV-1106, 2026 WL 1760283, at *3 (M.D. Pa. June 18, 2026) (denying a petitioner's APA claim when his petition fails to specify the final agency action complained of and legal remedies remain available outside the APA); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 760 (N.D. Tex. 2026) ("Because [Petitioner] requests habeas relief as the remedy for his APA claim, he unwittingly admits that there is, in fact, an adequate remedy outside of the APA.").

## IV.   CONCLUSION

For the reasons above, Respondents' Motion to Dismiss (Dkt. No. 7) is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Respondents' Motion to Withdraw Motion to Appear *Pro Hac Vice* and Federal Respondents' Motion to Dismiss (Dkt. No. 9) is **GRANTED**. Respondents' Motion to Appear *Pro Hac Vice* (Dkt. No. 4) and Motion to Dismiss (Dkt. No. 5) are **WITHDRAWN**. The Clerk of Court is **DIRECTED** to terminate those motions.

It is so **ORDERED**.

**SIGNED** June 22, 2026.

_____
Marina Garcia Marmolejo
United States District Judge